NOT FOR PUBLICATION                                                                     CLOSE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC, a Delaware Corporation, <br><br>                    Plaintiff, <br><br>              v. <br><br>HARE KRISHNA, LLC, an Ohio limited liability company; SURESH N. PATEL, an individual; HEMANT DESAI, an individual; and CHINTU PATEL, an individual, <br><br>                    Defendants. | **OPINION** <br><br> Civ. No. 14-6789 (WHW)(CLW) |

**Walls, Senior District Judge**

Plaintiff Days Inns Worldwide, Inc. ("DIW") moves under Fed. R. Civ. P. 55 for default judgment against Defendants Suresh Patel, Hemant Desai, Chintu Patel (together, "Individual Defendants"), and Hare Krishna, LLC. DIW asserts that Hare Krishna, LLC breached a license agreement between the two companies for the operation of a lodging facility. Defendants have failed to plead or otherwise defend the lawsuit. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is granted.

**PROCEDURAL AND FACTUAL BACKGROUND**

DIW is a Delaware corporation with its principal place of business in Parsippany, New Jersey. Compl. ¶ 1, ECF No. 1. Defendant Hare Krishna, LLC is an Ohio limited liability company with its principal place of business in Maumee Ohio. *Id.* ¶ 2. The Individual Defendants are Ohio citizens and are the only constituent members of Hare Krishna. *Id.* ¶¶ 3-6. DIW and Hare Krishna entered into a license agreement on October 11, 2002 for the operation of a 120-room guest lodging facility in Maumee, Ohio (the "Facility"). See Aff. of Suzanne

Fenimore in Supp. of Mot. for Final J. by Default ("Fenimore Aff.") Ex. A., ECF No. 7-3. The license agreement had a term of fifteen years. *See id.* Ex. A § 5. Under the agreement, Defendants were to make periodic payments to DIW for royalties, taxes, interest, and other fees (collectively, the "Recurring Fees"). *See id.* Ex. A § 7, Schedule C. Interest was to be paid "on any past due amount payable to [DIW] under this [License] Agreement at the rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid." *Id.* Ex. A § 7.3.

The license agreement provided that DIW could terminate the agreement if Defendants stopped operating the Facility as a "Days Inn" establishment. *Id.* Ex. A § 11.2. In the event of a dispute, the non-prevailing party was to "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party. . . ." *Id.* Ex. A § 17.4. In the event of termination, Defendants agreed to pay liquidated damages of no less than $1,000 per guest room. *Id.* Ex. A §§ 12.1; 18.3. The Individual Defendants each signed a Guarantee in which they agreed to "make each payment and perform . . . each unpaid or unperformed obligation" should Hare Krishna default on the license agreement. *Id.* Ex. C. On October 11, 2002, DIW and Hare Krishna entered into an addendum to the license agreement for satellite services. Defendants agreed to pay additional liquidated damages of $1,000 if the addendum were to be terminated as a result of a breach of the original License Agreement. *Id.* Ex. B § 13(c).

Defendants ceased to operate the Facility as a "Days Inn" establishment on June 21, 2011, and they were advised by DIW that they were required to pay damages for premature termination. *Id.* ¶¶ 18-19; Ex. D. DIW filed the complaint in this matter on October 30, 2014. The summons and complaint were served on Defendants on November 26, 2014. Certification of Bryan P. Couch in Supp. of Mot. for Final J. by Default ("Couch Cert.") ¶¶ 5-8; ECF No. 7-2. The Clerk of the

Court entered default against Defendants on January 15, 2015 for their failure to plead or otherwise defend this action. *Id.* ¶ 10. DIW now seeks damages in the amount of $373,926.25, inclusive of Recurring Fees, liquidated damages, interest, attorneys' fees, and costs. *Id.* ¶ 30.

## STANDARD FOR DEFAULT JUDGMENT

When evaluating a motion for default judgment under Fed. R. Civ. P. 55, courts in the Third Circuit consider three factors: (1) whether there is "prejudice to the plaintiff if default is denied," (2) "whether the defendant appears to have a litigable defense," and (3) "whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). A court must treat "the factual allegations in a complaint . . . as conceded by the defendant," *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005), but a court makes "an independent inquiry into whether the unchallenged facts constitute a legitimate cause of action." *Days Inns Worldwide, Inc. v. Mayu & Roshan, L.L.C.*, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007) (citations omitted). A court does not accept as true allegations pertaining to the amount of damages. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

## DISCUSSION

### I. Jurisdiction

Subject matter jurisdiction exists under 28 U.S.C. § 1332. Plaintiff is a Delaware Corporation with its principal place of business in New Jersey. Compl. ¶ 1. Defendants are citizens of Ohio. *Id.* ¶¶ 2-5. The amount in controversy, exclusive of interests and costs, exceeds

$75,000. Fenimore Aff. ¶ 30. Personal jurisdiction exists because Defendants consented to "non-exclusive personal jurisdiction of and venue in . . . the United States District Court for the District of New Jersey. . . ." Fenimore Aff. Ex. A § 17.6.3; Ex. C.

## II.  Default Judgment is Appropriate

This action is based on the Defendants' breach of contract. New Jersey law governs the contract under the license agreement's choice of law provision. Fenimore Aff. Ex. A § 17.6.1. The elements of a breach of contract claim are "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Here the parties entered into a contract for the operation of a lodging facility. Defendants breached that contract by ceasing to operate the Facility as a "Days Inn" establishment and by not paying the Recurring Fees owed DIW. DIW discharged its own contractual obligations by performing the services promised. *See* Fenimore Aff. Ex. E (itemizing DIW's services, for which it charged Hare Krishna the Recurring Fees). Damages resulted from the breach because DIW performed services and did not receive compensation. DIW has pled the elements of this claim and put forth unchallenged facts which constitute a legitimate cause of action.

Default judgment is appropriate. DIW will suffer prejudice if default is denied because it has waited more than four years since the breach of the license agreement to be paid the fees and costs to which it is contractually entitled. Defendants have put forward neither facts nor arguments to suggest that they have a litigable defense for their breaches of contract. They have failed to retain counsel in the year that has passed since the filing of the complaint. Having considered the *Chamberlain* factors in light of these facts, the Court grants default judgment.

### III. The Amount of Damages Is Satisfactorily Established

DIW seeks damages of $373,926.25. That amount includes Recurring Fees of $158,707.32 and liquidated damages of $215,218.93, inclusive of interest. The damages asserted do not require further inquiry and will be awarded by the Court.

Reasonable liquidated damages are enforceable under New Jersey law. *MetLife Capital Fin. Corp. v. Washington Ave. Associates L.P.*, 159 N.J. 484, 495 (N.J. 1999). The amount of $121,000.00 was calculated according to sections 12.1 and 18.3 of the license agreement (which provide for liquidated damages of $1,000 multiplied by the number of guest rooms in the Facility, which was 120), along with an additional $1,000 in liquidated damages provided for by section 13(c) of the Connectivity Addendum. The amount includes interest calculated at 1.5% per month under section 7.3 of the license agreement. These damages were for an agreed upon amount and are reasonable under the circumstances. The Court has also reviewed DIW's submissions and finds that the Recurring Fees accurately and reasonably represent the amount Defendants owe DIW. *See* Fenimore Aff. ¶¶ 16-24; *id.* Ex. E (Itemized Statement of Recurring Fees).

### CONCLUSION

Plaintiff's motion for default judgment is granted. Judgment is entered against Defendants in the amount of $373,926.25.

DATE: 18 November 2015

William H. Walls
Senior United States District Court Judge